**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Nancy Gonnam, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 11 C 3095 |
| Asset Acceptance, LLC, a Delaware limited liability company and ARS National Services, Inc., a California corporation, | ) ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Nancy Gonnam, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, B) Defendants reside and transact business here.

**PARTIES**

3. Plaintiff, Nancy Gonnam ("Gonnam"), is a citizen of the State of Massachusetts, from whom Defendants attempted to collect a delinquent consumer debt owed for a Blair-World Financial Capital Bank charge card, which was then allegedly owed to a bad debt buyer, Asset Acceptance, LLC. These collection actions

took place despite the fact that she had told the Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Asset operates a nationwide delinquent debt collection business from its offices in nine different states, including "Legal offices" in Chicago, Illinois, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois, see, printout from Asset's web site, attached as Exhibit A. In fact, Defendant Asset was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies, such as Defendant ARS National Services, Inc.

6. Defendant, ARS National Services, Inc. ("ARS"), is a California corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. In fact, Defendant ARS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7. Defendants Asset and ARS are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit B. In fact, Defendants Asset and ARS both conduct business in Illinois.

8. Moreover, Defendants Asset and ARS are each licensed as a debt collection agency in the State of Illinois, see, records from the Illinois Division of Professional Regulation, attached as Group Exhibit C. In fact, Defendants Asset and ARS both act as collection agencies in Illinois.

## FACTUAL ALLEGATIONS

9. Ms. Gonnam is a disabled woman, with limited assets and income, who fell behind on paying her bills, including the debt she owed for her Blair-World Financial Capital Bank charge card (the "Blair Debt"). At some point in time after that debt became delinquent, Defendant Asset bought Ms. Gonnam's Blair Debt. When Defendant Asset began trying to collect this debt from her, during May, 2010, by having another debt collector, First National Collection Bureau, demand payment of the Blair Debt, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Asset's collection actions.

10. Accordingly, on July 23, 2010, one of Ms. Gonnam's attorneys at LASPD informed Defendant Asset, in writing, through its agent, First National Collection Bureau, that Ms. Gonnam was represented by counsel, and directed Asset to cease contacting her, and to cease all further collection activities because Ms. Gonnam was forced, by her financial circumstances, to refuse to pay her unsecured debt. Copies of this letter and fax confirmation are attached as Exhibit D.

11.     Nonetheless, despite being advised that Ms. Gonnam was represented by counsel and refused to pay the debt, Defendant Asset had Defendant ARS send Ms. Gonnam a collection letter, dated March 4, 2011, which demanded payment of the Blair Debt.  A copy of this letter is attached as Exhibit E.

12.     Accordingly, on April 6, 2011, Ms. Gonnam's attorneys at LASPD informed Defendant Asset, yet again, this time through Defendant Asset, that it must cease collections and cease communications.  Copies of this letter and fax confirmation are attached as Exhibit F.

13.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

14.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**COUNT I**
**Violation Of § 1692c(c) Of The FDCPA --**
**Failure To Cease Communications And Cease Collections**

15.     Plaintiff adopts and realleges ¶¶ 1-14.

16.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

17.     Here, the letter from Ms. Gonnam's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit D).  By continuing to communicate regarding this debt and demanding payment (Exhibit E), Defendants

4

violated § 1692c(c) of the FDCPA.

18.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

19.     Plaintiff adopts and realleges ¶¶ 1-14.

20.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

21.     Defendants knew, or readily could have known, that Ms. Gonnam was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendant Asset, in writing (Exhibit D), through its agents, that Ms. Gonnam was represented by counsel, and had demanded a cessation of communications with Ms. Gonnam.  By sending a collection letter directly to Ms. Gonnam (Exhibit E), despite being advised that she was represented by counsel, Defendants violated § 1692c(a)(2) of the FDCPA.

22.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

### PRAYER FOR RELIEF

Plaintiff, Nancy Gonnam, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Gonnam, and against Defendants, for

statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Nancy Gonnam, demands trial by jury.

Nancy Gonnam,

By: /s/ David J. Philipps
One of Plaintiff's Attorneys

Dated: May 9, 2011

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com